# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN KENNY, *et al.*, | : | Case No. 1:18-cv-472 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| LC HOLDINGS, LLC, *et al.*, | : | |
| Defendants. | : | |

### ORDER GRANTING DEFENDANT CORNING INCORPORATED'S PARTIAL MOTION TO DISMISS (Doc. 17)

This civil action is before the Court upon Defendant Corning Incorporated ("Corning" or "Defendant")'s Partial Motion to Dismiss Counts One and Seven of Plaintiffs' Amended Complaint (Doc. 17) and the parties' responsive memoranda (Docs. 23 and 28). Also before the Court is Defendant Corning's unopposed motion to re-align Defendant Community Insurance Co. d/b/a Anthem Blue Cross and Blue Shield ("Community Insurance") as a party plaintiff in this action. (Doc. 4).

### I. FACTS AS ALLEGED BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiffs; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

This civil action arises out of allegedly defective PYREX test tubes (the "Product") made by Defendant Corning. (Doc. 15 at ¶¶ 12, 16). Plaintiff Stephen Kenny purchased the Product, "6 Piece PYREX Glass Test Tube Set with Caps and Rack," on

1

Defendant Amazon.com, Inc.'s website ("Amazon"). The test tube set was sold by Defendant LC Holdings, LLC d/b/a Karter Scientific Labware Manufacturing ("LC Holdings") and/or SEOH Corporation ("SEOH"). (*Id.* at ¶ 15). While using the Product, it shattered in Plaintiff Stephen Kenny's hand and caused serious and permanent injuries. (*Id.* at ¶¶ 12, 17). Plaintiffs claim that Defendants SEOH, LC Holdings, Corning, Amazon, and John Does 1 through 10 each participated, individually and/or in concert, in the development, design, manufacturing, promotion, advertising, packaging, marketing, testing, assembling, distribution, and/or sale of the Product and placed them into the stream of commerce for use by Mr. Kenny. (*Id.* at ¶ 18).

Plaintiffs' claims are brought under the Ohio Products Liability Act and statutory breach of warranty claims. Defendant Corning's motion seeks to dismiss Counts One and Seven of Plaintiffs' Amended Complaint. Count One, brought under O.R.C. § 1302.26, claims that Defendant Corning breached an express warranty to Plaintiffs that that the Product was manufactured and/or designed to acceptable and requisite standards, and was safe for its intended use. (*Id.* at ¶¶ 25–30). Count Seven, brought under O.R.C. § 2307.77, claims that the Product failed to conform to a representation made by Defendant Corning. (*Id.* at ¶¶ 69–75).

## II. MOTION TO REALIGN

As an initial matter, Defendant Corning moves to re-align Defendant Community Insurance as a party plaintiff in this action. (Doc. 4). The motion is unopposed. Plaintiffs' sole claim against Community Insurance is for declaratory judgment that

2

Community Insurance be required to assert any subrogation rights or otherwise be barred from doing so later. (Doc. 15 at ¶¶ 81–85). Corning contends that because Community Insurance is not alleged to have engaged in any of the conduct giving rise to this action, and its only interest in the action relates to a right of subrogation against the other Defendants, Community Insurance's interests are aligned with Plaintiffs. Therefore, Corning contends that Community Insurance should be realigned as party plaintiff in this action.

It is a court's "responsibility to ensure that the parties are properly aligned according to their interests in the litigation." *Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010). Parties must "be aligned in accordance with the primary dispute in the controversy, even where a different, legitimate dispute between the parties supports the original alignment." *United States Fidelity and Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1089 (6th Cir. 1992).

Here, the primary dispute in controversy is whether Defendants SEOH, LC Holdings, Corning, and Amazon are responsible for Plaintiff Stephen Kenny's injuries. Community Insurance's only interest in the litigation relates to its subrogation rights. "[S]ubrogation rights allow the subrogee to stand in the shoes of [the subrogor] and assert that person's rights against the defendant." *Roman v. Barlow*, 2012 WL 6594961, at *3 (S.D. Ohio Dec. 18, 2012) (internal quotation marks omitted). In *Roman*, the court found that a subrogated insurer should be realigned as a plaintiff when its right to a recovery derives from the plaintiff it insures. *See id.* at *2–3. The Court agrees.

Here, Community Insurance's interests align with Plaintiffs. Accordingly, Corning's unopposed motion to realign Community Insurance (Doc. 4) is **GRANTED**, and Community Insurance shall be realigned as a plaintiff in this case.

### III.     PARTIAL MOTION TO DISMISS

#### A. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

B. ANALYSIS

   1. **Count One: Breach of Express Warranties Under O.R.C. § 1302.26**

In Count One, Plaintiffs claim that Corning breached an express warranty regarding the Product. To state a claim for breach of express warranty a plaintiff must identify an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes a part of the basis of the bargain . . . ." O.R.C § 1302.26(A)(1).

Under Ohio law, a positive statement of the quality of goods is an express warranty if the natural tendency of the statement is to induce a buyer to purchase the product and the buyer purchased the product in reliance on the statement. *Risner v. Regal Marine Industries, Inc.*, 8 F.Supp.3d 959, 992 (S.D. Ohio 2014) (citing *Schwartz v. Gross,* 93 Ohio App. 445, 114 N.E.2d 103, syll. ¶ 1 (9 Dist.1952)). Courts in this district have dismissed claims for breach of express warranty where a plaintiff "cannot point to any [] specific language of any promotion or advertisement, much less one that created an

express warranty obligation on the part of [defendant]." *Collegy v. P&G*, 2016 WL 5791658, at *13 (S.D. Ohio Oct. 4, 2016) (citing *Davisson v. Ford Motor Co.*, 2014 WL 4377792, at *8 (S.D. Ohio Sept. 3, 2014).

Corning argues that Count One must be dismissed because Corning made no specific representation to Plaintiffs, and Plaintiffs did not rely on any express representation. Upon a review of the Amended Complaint, the Court agrees.

Plaintiffs argue that the Amended Complaint has sufficiently plead a breach of express warranty claim because the Product was advertised as PYREX, was placed into the stream of commerce, and did not meet industry standards. (Doc. 23 at 3–4). Plaintiffs' opposition brief provides no case law to support their contention that these allegations are sufficient to survive a motion to dismiss. The Amended Complaint fails to identify any "specific language of any promotion or advertisement" regarding the Product, let alone any express warranty made by Corning regarding the Product. *See Collegy*, 2016 WL 5791658, at * 13.

Indeed, Plaintiffs appear to concede that they have not identified any representation made by Corning to Plaintiffs regarding the quality of the Product. Nevertheless, Plaintiffs oppose the motion to dismiss by arguing that Count One should not be dismissed because discovery may uncover representations made by Corning to the intermediate seller or prospective sellers. (Doc. 23 at 3–4). Plaintiffs state that they require "discovery to determine exactly what warranties were made regarding the product." (*Id.* at 4). Because Plaintiffs admit they need discovery to identify any

warranties made by Corning, there is no way they can establish that they relied on any warranties in purchasing the Product.

Accordingly, Count 1 against Corning is dismissed because Plaintiffs have failed to identify any warranties made by Corning and cannot establish that they relied on any representations made by Corning in purchasing the Product.

### 2. Count Seven: Failure to Conform

In Count Seven, Plaintiffs claim that the Product failed to conform to a representation made by Corning. Under Ohio law, "[a] product is defective if it did not conform, when it left the control of its manufacturer, to a representation made by that manufacturer." O.R.C. § 2307.77. Under the Ohio Product Liability Act, a "'[r]epresentation' means an express representation of a material fact concerning the character, quality, or safety of a product." O.R.C. § 2307.71(A)(14). Where a plaintiff fails to show an express representation, a claim for failure to conform fails. *See Paugh v. R.J. Reynolds Tobacco Co.*, 834 F. Supp. 228, 232 (N.D. Ohio 1993) (where plaintiff did "not allege any specific express representation made by" defendants, nor "identifie[d] the nature, extent, and language of these representations, nor allege[d] that [he] relied upon any such warranties," his breach of warranty claim failed); *Grange Mut. Cas. Co. v. Optimus Enter., Inc.*, 2016 WL 3078956, at *5 (N.D. Ohio June 1, 2016) (finding that because "Plaintiff does not identify any representations made by the manufacturer [and] does not identify the manner in which the product fails to conform to the representations," plaintiff failed to state a plausible claim for relief).

7

Plaintiffs argue that they have alleged that the Product was advertised as PYREX, which they contend is an express representation of a material fact and that the Product "did not conform with industry standard." (Doc. 23 at 4). However, as discussed in dismissing Count One, Plaintiffs failed to identify any specific language that qualifies as an express warranty and failed to allege any reliance on representations made by Corning. Moreover, Plaintiffs do not allege how the Product failed to conform with the PYREX description.

Accordingly, Count Seven against Corning is dismissed because Plaintiffs have failed to identify any express representation or specific ways that the Product failed to conform with any such representation.

## IV. CONCLUSION

For the foregoing reasons,

1) Defendant Corning's unopposed motion to realign Defendant Community Insurance (Doc. 4) is **GRANTED**. Defendant Community Insurance is **REALIGNED** as a Plaintiff in this case. The Clerk is **DIRECTED** to place Community Insurance Co. d/b/a Anthem Blue Cross and Blue Shield on the Court's docket as a Plaintiff.

2) Defendant Corning's Partial Motion to Dismiss Counts One and Seven of the Amended Complaint (Doc. 17) is **GRANTED**. Count One and Seven are only dismissed as to Defendant Corning.

**IT IS SO ORDERED.**

Date: 12/18/18 *s/ Timothy S. Black*
Timothy S. Black
United States District Judge